# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1997 SESSION

FILED

August 12, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9607-CC-00254 |
| Appellee, | ) | |
| | ) | HAWKINS COUNTY |
| VS. | ) | |
| | ) | Hon. James E. Beckner, Judge |
| HOYT EDWARD CARROLL, | ) | |
| | ) | (Manufacture of Marijuana and |
| Appellant. | ) | Possession of Drug Paraphernalia) |

**FOR THE APPELLANT:**

**GREG W. EICHELMAN**
District Public Defender

**R. RUSSELL MATTOCKS**
Assistant District Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General

**G. DOUGLAS GODBEE**
Assistant District Attorney General
Hawkins County Courthouse
Rogersville, TN 37857

**MICHELLE GREEN**
Assistant District Attorney General
Greene County Courthouse
Greeneville, TN 37743

OPINION FILED: _____

**AFFIRMED AS MODIFIED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Hoyt Edward Carroll, was indicted on one (1) count of the manufacture of more than one-half (½) ounce but less than ten (10) pounds of marijuana, one (1) count of possession of drug paraphernalia, and one (1) count of evading arrest. A Hawkins County jury convicted him of the manufacture of marijuana and possession of drug paraphernalia. The trial court sentenced him to two (2) years in the Tennessee Department of Correction for the manufacture of marijuana, and eleven (11) months and 29 days in the county jail for the possession of drug paraphernalia. The sentences were ordered to run concurrently. On appeal, he contends that the evidence was insufficient to sustain his convictions, his sentences are excessive, and the trial court erred in denying alternative sentencing. We AFFIRM his convictions, but MODIFY his misdemeanor sentence.

**FACTS**

The state's proof at trial showed that the Hawkins County Sheriff's Department had information that some marijuana was growing in a field near War Creek Road in Hawkins County. On July 26, 1995, four officers with the sheriff's department began a surveillance operation in that area. The officers searched the area and found approximately sixty (60) marijuana plants growing in the field. Almost every plant had a green string attached so that the plant was tied down. At the base of each plant was at least one green bottle containing a liquid substance which smelled like ammonia.

The officers then set up their video equipment. Eventually two men, later determined to be the defendant and co-defendant, Rick Coy Smith, approached the plants.

Officer Gerald Gibson testified that he saw the men observing a plant and "picking around on it . . and one of them, at one point, even took the bottle . . . that

2

was sitting there and dashed something around, like he was pouring something around in the roots." One of the men pulled leaves off of the plant and put them in a white bag.

After several minutes passed, the officers came out from hiding and identified themselves. Defendant submitted to the officers' requests, but his companion tried to run away from the officers. One of the officers was able to stop Smith before he left in his truck.

Subsequently, the men were arrested and searched. Defendant had several green strings in his front pocket, and a marijuana leaf was found between his shoe and sock. The white bag containing marijuana leaves was found after Smith dropped it in his attempt to evade arrest. The officers also searched Smith's truck and found three bottles containing ammonia.

Detective Joel Hunt testified that when he arrived at the scene, he requested that the officers pull the plants. The leaves were stripped from the plants and those leaves, along with those in the white bag, were tested and found to be marijuana. He further testified that ammonia is a fertilizer.

Defendant testified on his own behalf. He stated that he had been in the area picking blackberries when he noticed some plants with green strings on them. He took some strings off of one of the plants and put the strings in his truck. He testified that he told Smith that he had found some marijuana and showed him the strings. Smith wanted to get some marijuana for his own use, so defendant agreed to show him where the plants were.

Defendant and Smith proceeded to the area where he found the plants. Smith began collecting the marijuana. Defendant claimed that he was merely looking at the plants when the officers identified themselves.

The jury convicted defendant of the manufacture of marijuana and possession of drug paraphernalia.[1] The trial court sentenced him as a Range I, Standard Offender, to two (2) years in the Tennessee Department of Correction for

---

[1] Smith was acquitted of the manufacture of marijuana and possession of drug paraphernalia. However, the jury found him guilty of possession of marijuana and evading arrest.

the manufacture of marijuana, a Class E felony, and eleven (11) months and 29 days in the county jail for the possession of drug paraphernalia, a Class A misdemeanor.

## SUFFICIENCY OF THE EVIDENCE

In his first argument, defendant contends that the evidence was insufficient to sustain the verdicts of guilt beyond a reasonable doubt. He claims that there is no evidence that he did anything more than examine a plant. Therefore, he argues that the evidence against him is merely circumstantial and insufficient to sustain the jury's verdict.

Great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn.1992). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. Bigbee, 885 S.W.2d at 803; Harris, 839 S.W.2d at 75; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Moreover, a guilty verdict removes the presumption of innocence which the defendant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The defendant has the burden of overcoming this presumption of guilt. Id.

In the present case, defendant and Smith were found in a remote area examining a marijuana plant. They immediately began tending to the plant by pouring fertilizer on it and tying the plant. Defendant was carrying green strings like those that were used to tie the plants down.

Although the evidence of his guilt is circumstantial in nature, circumstantial

4

evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). Therefore, we find that the evidence was sufficient for a reasonable trier of fact to find defendant guilty of both offenses. This issue is without merit.

## SENTENCING

### A.

In his second and final assignment of error, defendant argues that his sentences are excessive. He claims that the trial court misapplied two enhancement factors and did not give enough weight to the only mitigating factor. He further contends that the trial court erred in denying some form of alternative sentencing. As a result, he claims that his sentences should be reduced.

### B.

We first note that the trial judge in announcing the sentence for manufacturing marijuana imposed a "determinate sentence of two (2) years." The trial judge further stated that "probation and community corrections and alternative sentencing should be denied. . ." Yet, the judgment itself shows a two (2) year sentence to the Tennessee Department of Correction with the following notation: "Split confinement 365 days in jail." There is no indication of the length of probation after serving the 365 days.

When there is a conflict between the court minutes or judgment and the transcript, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). Therefore, we assume the imposed sentence to be two (2) years in the Department of Correction. We also believe this to be the sentence intended by the trial court. The judgment shall be modified to delete the reference to "Split confinement 365 days in jail."

### C.

5

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

At the sentencing hearing, the trial court found that two enhancement factors applied: (1) the defendant had a previous history of criminal convictions; and (2) the defendant was the leader in the commission of an offense involving two or more actors. Tenn. Code Ann. § 40-35-114(1) and (2). In mitigation, the trial court found that defendant's criminal conduct neither caused nor threatened serious bodily injury but gave it little or no weight. Tenn. Code Ann. § 40-35-113(1). The trial court then sentenced defendant to the maximum sentence for both offenses.

If no mitigating or enhancing factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. *See* State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for aggravating factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

Defendant argues that the trial court erroneously found that he had a previous history of criminal convictions. Tenn. Code Ann. § 40-35-114(1). Defendant has two (2) prior convictions for driving on a suspended license, a conviction for contempt of court, a conviction for disorderly conduct and three (3)

convictions for public drunkenness. His most recent conviction was in 1991, but many of his convictions date back over twenty years prior to his sentencing on the present case.[2] The fact that defendant's prior record consists of old misdemeanor convictions does not mean that this factor does not apply. Tenn. Code Ann. § 40-35-114(1) does not require the prior convictions to be recent convictions or felony convictions. *See* State v. Maurice Garner, C.C.A. No. 02C01-9508-CR-00223 (Tenn. Crim. App. filed May 19, 1997, at Jackson); State v. William D. Pewitt, C.C.A. No. 01C01-9411-CC-00375 (Tenn. Crim. App. filed August 22, 1996, at Nashville); State v. Jerome Dixon, C.C.A. No. 02C01-9508-CC-00247 (Tenn. Crim. App. filed July 26, 1996, at Jackson). The trial court properly applied this enhancement factor.

Defendant also contends that the trial court erred in applying as an enhancement factor that he was the leader in the commission of an offense

---

[2] Defendant's counsel in his brief made a poignant, pointed, persuasive plea to this Court relating to the staleness of these prior convictions. He writes:

> To put these prior convictions into historical perspective, appellant would once again review for this Court the facts. In 1960, Dwight David Eisenhower was still President of the United States. Hawaii had been admitted to Statehood less than a year before. A U-2 spy plane piloted by Francis Gary Powers was shot down over the Soviet Union creating political controversy, and at the tender age of seventeen, while still a minor, Hoyt Carroll was arrested for public intoxication. By 1965, John F. Kennedy had served three years of his presidency, only to be felled by an assassins bullet. Camelot was over, and Lyndon Johnson had won his own term as president. Martin Luther King marched on Montgomery, Alabama. "Westy's War" escalated when the new American army commander in Vietnam, General William C. Westmoreland, requested and got the first installment of combat troops. Oh, and Hoyt Carroll was arrested and convicted of his second public intoxication charge. Three years later, in 1968, Walter Cronkite, commenting on the Tet Offensive, confided to his television audience that he no longer believed the Vietnam war was winnable. Lyndon Johnson announced he would not seek another term as president. In Tennessee, Martin Luther King was assassinated in Memphis, and Hoyt Carroll was convicted for the third time in eight years of public intoxication. He was now twenty-five years old. Hoyt Carroll, who has never in his life been charged or convicted of a drug offense, never again was charged or convicted of an alcohol related offense. Counsel for the Appellant was four years old when last the Appellant was convicted of Public Drunkenness more than twenty-eight years ago . . .

As interesting and accurate as this historical analysis may be, it unfortunately was of only marginal benefit in our determination as to whether the defendant had a "previous history of criminal convictions." Tenn. Code Ann. § 40-35-114(1). We, nevertheless, some five years after defendant's most recent conviction, commend counsel (whom we assume to be approximately 32 years of age) for his zealous advocacy.

7

involving two or more actors. Tenn. Code Ann. § 40-35-114(2). Although Smith was acquitted of manufacturing marijuana, he was convicted of the lesser offense of simple possession of marijuana. The jury obviously concluded the defendant was the actual grower, and Smith was there to assist defendant. This enhancement factor was properly applied.

Defendant further complains of the trial court's finding that the only mitigating factor applicable was entitled to little or no weight. As a mitigating factor, the trial court considered that defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). However, the trial court gave the mitigating factor little, if any, weight. In a case involving drugs, this mitigating factor is generally entitled to little weight. *See* State v. Marlos Mann, C.C.A. No. 02C01-9504-CC-00101 (Tenn. Crim. App. filed Oct. 18, 1995, at Jackson). The trial court did not abuse its discretion in giving this factor little value. *See* State v. Moss, 727 S.W.2d at 237; State v. Santiago, 914 S.W.2d at 125.

We conclude the two-year sentence for manufacturing marijuana was an appropriate sentence. However, fairness dictates that the misdemeanor sentence of eleven (11) months, 29 days be modified. Defendant will be eligible for release on the two-year felony sentence upon reaching his release eligibility date. Tenn. Code Ann. § 40-35-501(a)(3). Yet, it is conceivable that defendant at that time would not be eligible for release on the misdemeanor sentence. Tenn. Code Ann. § 40-35-302. The misdemeanor sentence is modified to six (6) months.

## ALTERNATIVE SENTENCING

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

8

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely similar to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169; State v. Millsaps, 920 S.W.2d 267, 271 (Tenn. Crim. App. 1995).

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. § 40-35-113 and 114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d at 235.

In the present case, we find that the trial court did not err in denying

9

alternative sentencing. Defendant was untruthful in his trial testimony and did not accept responsibility for his actions. The defendant's lack of credibility is an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Chestnut, 643 S.W.2d 343, 353 (Tenn. Crim. App. 1982). Also, as noted by the trial court, incarceration is necessary to avoid depreciating the seriousness of the offense and to serve as a deterrent. *See* State v. Dykes, 803 S.W.2d 250, 260 (Tenn. Crim. App. 1990). The trial court properly denied alterative sentencing.

## CONCLUSION

In conclusion, we find that there is sufficient evidence for a reasonable trier of fact to find defendant guilty of the manufacture of marijuana and possession of drug paraphernalia. Furthermore, the sentences imposed by the trial court are appropriate, except that the felony judgment shall be modified to delete the reference to "Split confinement 365 days in jail" and the misdemeanor judgment shall be modified to reflect a sentence of six (6) months. Accordingly, we affirm the judgment of the trial court, as modified.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JERRY L. SMITH, JUDGE**

_____
**CHRIS CRAFT, SPECIAL JUDGE**